**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4107**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW JACKSON, a/k/a Matt-Matt,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:18-cr-00014-JPB-JPM-4)

Submitted: August 22, 2019                          Decided: August 26, 2019

Before KING and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Kingmont, West Virginia, for Appellant. Robert Hugh McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Jackson pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Jackson to 108 months' imprisonment, the bottom of his Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel rendered ineffective assistance and whether the court properly enhanced Jackson's base offense level for possession of a firearm. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016). Jackson was advised of his right to file a supplemental brief, but he has not done so. The Government has declined to file a response brief. We affirm.

Initially, the ineffective assistance claims raised in the *Anders* brief are not properly before us. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because no conclusive evidence that counsel rendered ineffective assistance appears on the face of the record, we conclude that Jackson should raise his claims, if at all, in a 28 U.S.C. § 2255 (2012) motion. *Id.* at 508.

"In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019) (internal quotation marks omitted). We find no clear error in the court's decision to apply the two-level

2

enhancement for possession of a firearm under USSG § 2D1.1(b)(1). The commentary explains that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). Not only did the parties stipulate to this enhancement in the plea agreement, but also the enhancement is supported by the record, as the firearm was found along with drugs during a traffic stop.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*